DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| BEXIN REALTY CORPORATION, | Case No. 24-12080(MG) |
| Debtor. | |

-----------------------------------------------------------x

**DECLARATION OF BAHRAM BENARESH PURSUANT TO**
**LOCAL BANKRUPTCY RULE 1007-2**

BAHRAM BENARESH, under penalties of perjury, hereby declares and states as follows:

1.    I am the president and sole shareholder of Bexin Realty Corporation, the above captioned debtor (the "Debtor"), and I submit this Declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

**PART I**
**BACKGROUND**

2.    Formed in 1995, the Debtor is a corporation organized and existing under the laws of the State of New York.

3.    The Debtor was formed to acquire the real properties located at 24-26 and 28-30 West 125th Street, New York, New York 10027 (collectively, the "Property").

4.    The Property consists of 2 fully constructed 5 story contiguous but separately taxable lots each consisting of mixed-use rental buildings with each building containing 20 residential apartments and 2 commercial stores on the ground floor  The Debtor believes the

1

current aggregate fair market value of the Property is no less than $30,000,000.

5. The Debtor initially acquired the Property over 20 years ago. The Debtor has refinanced the mortgages on the property several times with most recently in 2022 with Cathay Bank in the loan amount of $16,750,000.

6. In January 2023 Cathay called a default on the loan due to nonpayment of 2022 real estate taxes caused in part by various nonpayment form tenants mostly during the Covid epidemic in 2020 and 2021. Cathay claims it is currently owed approximately $17,500,000.

7. As recently as earlier this month, the Debtor believed it was still in negotiations with Cathay for a refinance, with Cathay in the process of conducting due diligence on the refinance.

8. However, for reasons unbeknownst to me, Cathay filed a foreclosure action against the Debtor in October. On November 20, 2024, the Supreme Court, New York County entered an order appointing a temporary receiver of rents.

9. As receiver often fail to adequately collect rents and preserve the value of properties, I believed it was necessary to seek bankruptcy protection to (a) preserve the value of the Property and (b) obtain a reasonable amount of time to obtain a refinance either with Cathay or another financial institution.

10. The needs and interests of the Debtor's creditors will best be served by the continued possession of its property and management of its affairs as debtor-in-possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors.

## PART II
### INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

20. In addition to the foregoing, S.D.N.Y. Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

21. The Debtor operates at 24-26 and 28-30 West 125th Street, New York, New York 10027. The Debtor's principal asset is the Property.

**Local Rule 1007-2(a)(2)**

22. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

23. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

24. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

25. A schedule of the Debtor's 5 largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

26. A summary of the Debtor's consolidated assets and liabilities is annexed hereto as **Schedule III.**

**Local Rule 1007-2(a)(7)**

27. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

28. As stated above, a temporary receiver of rents was appointed by the state court on November 20, 2024. However, upon information and belief, the receiver has not taken possession of the Property or management of the Property .Therefore, none of the Debtor's assets are in possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor, or agent.

**Local Rule 1007-2(a)(9)**

29. The Debtor owns the Property.

**Local Rule 1007-2(a)(10)**

30. The Debtor's books and records and substantial assets are located at my office at 118 East 28th Street, New York, New York 10006

**Local Rule 1007-2(a)(11)**

31. All suits or proceedings in which the Debtor is named as a party will be listed in the Debtor's Statement of Financial Affairs to be filed on or before December 11, 2024.

**Local Rule 1007-2(a)(12)**

32. The Debtor is currently managed by myself as president and sole shareholder.

**Local Rule 1007-2(b)(1) and (2)**

33. The Debtor currently has no employees.

34. The Debtor's estimated gross weekly payroll and payments to officers, managers, members, and directors for the thirty (30) day period following the Chapter 11 petition is $0.

35. The Debtor's estimated payroll to non-manager/non-insider employees for the thirty (30) day period following the Chapter 11 petition is approximately $0.

4

**Local Rule 1007-2(b)(3)**

36.     A schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss and obligations expected to accrue but remain unpaid, other than professional fees is annexed as **Schedule IV**.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: November 29, 2024


*/s/ Bahram Benaresh*
Bahram Benaresh, President

## SCHEDULE I

<u>CONSOLIDATED 20 LARGEST UNSECURED CREDITORS</u>

NONE

## SCHEDULE II

<u>DEBTOR'S FIVE LARGEST SECURED CREDITORS</u>

| | |
|---|---|
| Cathay Bank | $17,500,000 (unliquidated) |
| NYS Workers Comp | $12,000 |
| NYC Dept. of Finance | $500,000 (unliquidated) |

## SCHEDULE III

### SUMMARY OF ESTIMATED ASSETS AND LIABILITIES

ASSETS

| | |
|---|---|
| Land and Buildings | $30,000,000 |
| Rent Receivables | $100,000 |
| Cash in Bank | $10,000 |
| Total | $30,110,000 |

LIABILITIES

| | |
|---|---|
| Mortgage | $17,500,000 |
| Judgment | $12,000 |
| RE Taxes | $500,000 |
| Total | $18,012,000 |

## SCHEDULE IV

### 30 DAY ESTIMATED INCOME AND EXPENSES

INCOME:

| | |
|---|---|
| Rents | $120,000 |

EXPENSES:

| | |
|---|---|
| RE Taxes | $18,000 |
| Insurance | $5,000 |
| Maintenance | $2,500 |